**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:26-cv-03000

**DANIELLE FARRAR**,
          Plaintiff,

v.

**UNITED STATES OF AMERICA**
          Defendant.

_____

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**
_____

COMES NOW Plaintiff, DANIELLE FARRAR, and for her Complaint against the Defendant, UNITED STATES OF AMERICA, pursuant to *28 U.S.C. § 2671 et seq.,* alleges and states as follows:

**INTRODUCTION**

1.      This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, *28 U.S.C. §2671 et seq.* and *28 U.S.C. §1346(b)(1)*, for Professional Negligence and Medical Negligence in connection with health care provided to the Plaintiff at Evans Army Community Hospital at Ft. Carson, Colorado (hereinafter "Evans" or "Evans Hospital").

2.      The claims herein are brought under the above-cited statutes for money damages as compensation for the Plaintiff's personal injuries caused by the negligence of the Defendant through its agents and employees while providing medical care to Plaintiff Danielle Farrar during labor and delivery.

1

3.      This action has been timely filed in that the Plaintiff has presented her claims to the Office of the Staff Judge Advocate, Attn: Claims, Mr. Benjamin J. Kinsley, 1633 Mekong Street, Building 6222, Fort Carson, Colorado 80913-4163, within 2 years after the events comprising the basis of their claims. *See Standard Form 95 and acknowledgment letter of Benjamin J. Kinsley, attached as **Exhibit 1**.*

4.      The Plaintiff has complied with the provisions of *28 U.S.C. § 2675* of the Federal Tort Claims Act regarding a final denial of the claim.  *See **Exhibit 1.***

5.      Plaintiff has exhausted administrative remedies by filing a timely notice of claim with the appropriate federal agency on or about February 28, 2023, and the administrative claim is deemed to be denied by Defendant due to the passage of more than six months since the date that the administrative claim was filed.

## PARTIES,  JURISDICTION  AND  VENUE

6.      On April 1, 2021, Plaintiff Danielle Farrar was a resident of Colorado Springs and El Paso County Colorado.

7.      On that date Plaintiff Danielle Farrar was 28 years old and married to Drake Grabowski, who was also a resident of the City of Colorado Springs and El Paso County Colorado.

8.      On April 1, 2021, Plaintiff Danielle Farrar was admitted to Evans Hospital on Ft. Carson for the labor and delivery of her second child.

9.      At the time of the subject medical care and incident giving rise to this cause of action, Plaintiff Danielle Farrar was a dependent spouse of Drake Grabowski, who was on active duty in the U.S. Army and stationed at Ft. Carson Colorado.

10.    Defendant United States of America (hereinafter Defendant or United States) is a proper defendant under the Federal Tort Claims Act, *28 U.S.C. § 2671* through *§ 2680*, in that the tortious acts and omissions alleged herein occurred during health care services and treatment provided by medical staff employed by the United States at Evans Hospital.

11.    Susan Cowell is a Certified Registered Nurse Anesthetist, APN.0003873- CRNA and Registered Nurse, RN.0161281, who at the times relevant to this claim was licensed by the State of Colorado to practice as a nurse anesthetist.

12.    At the times relevant to this claim, Susan Cowell was a certified registered nurse anesthetist practicing at Evans Hospital on Ft. Carson.

13.    At the times relevant to this claim, Susan Cowell provided anesthesia care and treatments that she, and other employees and staff of Evans Hospital, regularly provided to labor and delivery patients at Evans Hospital.

14.    At all times relevant to this claim, Susan Cowell was an employee of the Defendant and acting within the course and scope of her employment by the United States at Evans Hospital. *See **Exhibit 2.***

15.    Under the doctrine of *Respondeat Superior* Defendant United States is legally liable for the professional negligence of its employees and agents in the course of providing labor and delivery care to patients at Evans Hospital, including Plaintiff Danielle Farrar.

16.    At all times relevant to this claim, Evans Hospital and its administrators, agents, employees and staff held themselves out as having the expertise and the ability to provide high quality health care services, including labor and delivery care, consistent with national standards of

3

care.

17.    Subject matter jurisdiction over the Defendant is proper under the Federal Tort Claims Act. *28 U.S.C. § 1346(b); 28 U.S.C. § 2401(b); 28 U.S.C. § 2412 and 28 U.S.C. §§2671 through § 2680.*

18.    Venue is proper under *28 U.S.C. §1402(b)* because all the alleged tortious acts and omissions of Defendant and its employees occurred at Evans Hospital on Ft. Carson which is in the District of Colorado.

## FACTUAL ALLEGATIONS

19.    Plaintiff incorporates paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.    On April 1, 2021, Plaintiff was admitted to Evans Hospital on Ft. Carson for the labor and delivery of her second child.

21.    During labor Plaintiff received anesthesia for labor pain via a combined spinal epidural injection (CSE) administered by nurse-anesthetist Susan Cowell.

22.    Susan Cowell was employed by the Defendant at Evans Hospital and was acting within the course and scope of her employment at all times relevant in this claim.

23.    When beginning the CSE procedure, Susan Cowell planned to insert the spinal and touhy needles at the L3-4 level of the Plaintiff's spine, as documented in her Anesthesia Procedure Note. *See Exhibit 3,* p. 2 "Needle insertion site"

24.    However, the CSE needles Susan Cowell inserted actually penetrated the L1-2 vertebral level and punctured Plaintiff's spinal cord causing injury.

4

25.     As Susan Cowell advanced the CSE needles into her spine, Plaintiff immediately experienced severe pain in her right leg, and her leg involuntarily "kicking out," after which the spinal anesthesia quickly took effect and relieved the pain.

26.     About 4 hours later Plaintiff's baby was successfully delivered at 2:58 a.m. on April 2, 2021.

27.     When the anesthesia wore off some hours later, Plaintiff told staff in the Mother and Baby Unit at Evans Hospital that she had a "pins/needles/tingling" sensation on the shin of her right leg that worsened when touched.

28.     The Evans Hospital Post Anesthesia Evaluation at Evans further documents that the Plaintiff had difficulty walking as well as numbness "from above the knee to the top of the ankle" in the front of her right leg, and that this began when the CSE was initially placed, and gradually worsened in the hours after the delivery of her baby.  *See **Exhibit 4***, p. 2 "Complication"

29.     Due to these symptoms the Evans Hospital Anesthesia Department ordered and obtained a neurology consultation of Plaintiff after having the CSE procedure.

30.     Maj. Jonathan Diaz, D.O., the chief of the Neurology clinic at Evans Hospital, examined the Plaintiff in the afternoon of April 2, 2021, and ordered lumbar MRI imaging to determine if the Plaintiff suffered injury from the CSE procedure.

31.     The lumbar MRI was obtained the evening of April 2, 2021.

32.     Subsequently, Dr. Diaz reviewed the MRI images with a neuro-radiologist at Evans and documented his findings as an "iatrogenic [1] right L1-L2 conus medullaris injury secondary to

---

[1]     Iatrogenic in this context means caused by medical treatment.

5

epidural needle" with "a clear track where the epidural needle injured the conus medullaris at the point of entry along the right L1-L2." *See **Exhibit 5**,* p. 5-6 "Impression"

33.     On April 5, 2021, Dr. Diaz informed the Plaintiff, who was then still a patient at Evans Hospital, that the CSE injections resulted in her neurological symptoms, difficulty walking and that "permanent injury may remain . . . ." *See **Exhibit 5*** p. 6 "Recommendations"

34.     The findings from the initial MRI of April 2, 2021 were confirmed by subsequent MRI imaging on April 2 (thoracic spine) and April 9, 2021 (lumbar spine with and without contrast).

35.     In a follow-up visit to Evans Hospital on 5/3/21, the Neurology Outpatient Note of Dr. Diaz documents that he ordered EMG/NCS nerve testing because Plaintiff had "foot drop," impaired mobility and neuropathic pain. *See **Exhibit 6***, "Assessment/Plan"

36.     The Evans Hospital EMG/NCS testing report documented abnormal findings and electrodiagnostic evidence of a loss of nerve function in Plaintiff's right leg. *See **Exhibit 7***, "Impression"

37.     Evans Hospital medical records document that on 7/29/21 Dr. Diaz sent a referral letter to Dr. Brenda Rosario Padron, a primary care physician, briefing her on the Plaintiff's current condition. Dr. Diaz's note stated:

> "I saw this patient in follow-up yesterday. Unfortunately, her prognosis is poor. She still has weakness in that right leg and will likely need some kind of assistive device for the rest of her life. She is still in need of continual PT both for her leg weakness and pelvic floor dysfunction. In discussion with her yesterday, she did not know how to navigate unemployment and/or benefits related to this iatrogenic injury. I was wondering if you can assist her. She and her husband are struggling at home with finances due to the loss of her job due to this injury."

*See* **Exhibit 8.**

38.     Plaintiff is currently 33 years of age and now has permanent injuries, impairments and conditions from spinal injury caused by negligent placement of the CSE needle by Susan Cowell, CRNA.

39.     As a result of negligent CSE needle placement and puncture, the Plaintiff can no longer walk normally and uses a walker or a cane; she wears a right leg brace when outside of the home; she limps and drags her right foot as she walks which causes chronic pain and pressure injury to her great toe on the right side; she has developed chronic hip and back pain from compensating for her now abnormal gait; she has constant numbness in her right ankle, the bottom of her right foot and from her buttocks to her right foot; she fails reflex testing of her Achilles tendon and the bottom of her foot on the right side; she is highly fearful of stairs and avoids them whenever possible as she does not trust her ability to climb or descend stairs.

40.     As a result of negligent CSE needle placement and puncture, the Plaintiff can no longer operate a motor vehicle with her right foot. Plaintiff has required, and will permanently require in the future, a left foot pedal in her vehicles, as well as installation and special training in operating that vehicle modification.

41.     As a result of negligent CSE needle placement the Plaintiff has bowel and bladder incontinence and accidents; she passes urine when she has a bad cough; and she has lost the "warning urge to go" before having bowel and bladder accidents.

42.     Each of the injuries, impairments and conditions in the preceding two paragraphs is permanent and expected to persist for the rest of her life, according to the Plaintiff's health care

providers.

43.    As a result of negligent CSE needle placement Plaintiff has not been gainfully employed since giving birth to her second child on April 1, 2021.

44.    The Social Security Administration has determined that the Plaintiff is entitled to Social Security Disability benefits due to her inability to engage in significant gainful employment, and that she became so disabled on and after June 7, 2021.

45.    Plaintiff has incurred health care and rehabilitation expenses in the past, and will incur additional such expenses in the future, as a result of the injuries, impairments and conditions from the spinal cord injury caused by the CSE procedure.

## COUNT 1 - MEDICAL NEGLIGENCE

46.    Plaintiff incorporates paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.    As a direct and proximate result of the medical negligence of the Defendant's employee, Susan Cowell, CRNA, Plaintiff suffered spinal cord and nerve injuries that are permanent conditions, resulting in dysfunction and impairment of her body and her routine bodily functions. These injuries will be permanent in nature and constitute permanent disability and impairment; and, they will require extraordinary health care services, assistance with activities of daily living, and will result in a permanent loss of earnings and earnings capacity for life.

48.    As a further direct and proximate result of the medical negligence of the Defendant's employee, Susan Cowell, CRNA, Plaintiff has incurred bills and expenses for past health care, treatment, rehabilitation, therapies, essential services and assistive devices, and will incur additional

such expenses for the rest of her life.

49.     As a further direct and proximate result of the medical negligence of Defendant's employee, Susan Cowell, CRNA, Plaintiff has in the past and will in the future have a loss of earnings and earnings capacity and a loss of her ability to perform household work and many of the routine activities of daily living.

50.     As a further direct and proximate result of the medical negligence of the Defendant's employee, Susan Cowell, CRNA, Plaintiff has been caused to suffer non-economic damages, including past and future physical pain and suffering, emotional distress, loss of the enjoyment of life and extraordinary inconvenience.

51.     As a further direct and proximate result of the medical negligence of the Defendant's employee, Susan Cowell, CRNA, Plaintiff has been caused to suffer past and future physical impairment, loss of physical functioning, disability and disfigurement, all of which will persist for the rest of her life.

WHEREFORE, the Plaintiff requests judgment be entered against the Defendant for all reasonable compensatory damages allowed by law, litigation costs and expenses, expert witness fees, interest as provided by law and such further relief as the Court deems appropriate.

Respectfully submitted this 6th day of July, 2026.

GADDIS, HERD, CRAW & ADAMS, P.C.

*s/Gary S. Craw*
Gary S. Craw
15 W. Cimarron Street, Suite 300
Colorado Springs, CO 80903
Phone: (719) 471-3848
gary@gaddisherd.com
Attorneys for Plaintiff

Plaintiff's Address:
3625 N. 104th Ave, Apt. 9
Omaha, NE 68134